UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                    Crim. No. 08-332-HA

ISRRAEL PENA-MENDEZ,                  ORDER

        Defendant.
_____

HAGGERTY, District Judge:

        Defendant Isrrael Pena-Mendez is charged with one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and one count of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Defendant filed a Motion to Suppress Statements [36]. On June 8, 2009, this court held an evidentiary hearing regarding this motion at which prosecution witnesses Officer Hollins and Officer Fyfe of the Portland Police Bureau presented testimony.

PAGE 1 - ORDER

**BACKGROUND**

These facts are derived from the parties' briefs and the testimony elicited at oral argument. Defendant and Eric Del Castillo Flores (a.k.a. Ever Budan-Martinez) were stopped by Portland police on July 16, 2008 in a Burger King parking lot for failing to stop after exiting a shopping complex and failing to use a turn signal. The driver, Budan-Martinez, consented to a search of the car by a police dog. The search revealed one kilogram of cocaine, and both men were transported in custody to the East Precinct in Portland.

The officers first interviewed Budan-Martinez, and then defendant. Officer Fyfe, who speaks Spanish, assisted with these interviews. According to the police report and the officers' testimony, defendant verbally acknowledged, read aloud (in Spanish), and waived his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), at the scene. During questioning at the East Precinct, defendant allegedly admitted that he knew Budan-Martinez was meeting with a third party to buy "the thing." Defendant allegedly initially denied knowledge of the cocaine and expressed that he did not want to get Budan-Martinez in trouble. Defendant was asked if he would like to speak with Budan-Martinez to obtain his approval to tell the truth, and defendant agreed. Budan-Martinez spoke to defendant in Spanish and told defendant: "Think of the future, you have a family. You have a family in Mexico."[1] After additional questioning by Officer Hollins, defendant admitted knowledge of the cocaine and that he was to be paid one hundred dollars to act as a look-out during the drug transaction.

---

[1] At the hearing, Officer Fyfe testified that the only statement he clearly could understand was "think of your family." However, both parties' briefs refer to the above-cited statement.

PAGE 2 - ORDER

Defendant seeks suppression of all statements attributed to him as a result of the interrogation occurring on July 16, 2008. Defendant contends that these statements were involuntarily obtained through coercion in violation of defendant's rights provided by the Fifth Amendment of the United States Constitution.

Defendant argues that Budan-Martinez acted as an instrument of the state when he spoke to defendant. He asserts that Budan-Martinez's statement was unconstitutionally coercive because he threatened physical violence against defendant's family in Mexico.

## ANALYSIS

The government bears the burden to prove that a defendant's statement is voluntary by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986). The Ninth Circuit has held that the voluntariness of a statement must be considered in light of the totality of the circumstances and that courts, in making such a determination, should consider whether the government obtained the statement by means of physical or psychological coercion or by improper inducement so that the suspect's will was overborne. *Beaty v. Stewart*, 303 F.3d 975, 992 (9th Cir. 2002) (quotation and citation omitted).

Encouraging the defendant to tell the truth does not amount to coercion. *See Amaya-Ruiz v. Stewart*, 121 F.3d 486, 494 (9th Cir. 1997) (holding that police officers' statements of "if he wants any forgiveness, he should tell the truth" and "if he lies to us now it will be on the record for the rest of his life" were not coercive because the defendant's will was not overborne and the statements merely encouraged the defendant to tell the truth).

Although threats of physical violence to self or family can overbear a defendant's will and make his or her statement involuntary, no threat of violence occurred in this case. Based on

the totality of circumstances, Budan-Martinez's comments "think of the future, you have a family," and "You have a family in Mexico" are not threats of violence against defendant's family and were insufficient to overbear defendant's free will. The officers testified that defendant never appeared fearful and never told them that he was afraid of Budan-Martinez. Although the officers could only identify the phrase "think of your family," they both testified that Budan-Martinez and defendant did not indicate non-verbally that these statements were threatening. Based on the evidence presented, defendant's will was not overborne by Budan-Martinez's comments.

Although this court determines that defendant's statement was made voluntarily and not as a result of any threat of violence, this court addresses whether Budan-Martinez acted on behalf of the government to the extent that his actions triggered defendant's Fifth Amendment protections.

A private party cannot be transformed into a government actor absent government knowledge and acquiescence of the private party's conduct. *See United States v. Stevens*, 601 F.2d 1075, 1080 (9th Cir. 1979) (holding that bank investigators were not instruments of the government when promising immunity because federal authorities did not know or encourage the investigators to do so). Merely assisting the government is insufficient to convert a private actor into a government actor. *Id.* Courts are reluctant to attribute a private party's actions to the government absent a pre-existing agreement between the private actor and the government or a *quid pro quo* relationship. *See United States v. Pace*, 833 F.2d 1307, 1313 (9th Cir. 1987) (holding that a private actor was not a government agent when he obtained a confession from the

defendant because no pre-existing agreement or *quid pro quo* relationship existed between the private party and law enforcement officials).

Here, defendant agreed to speak with Budan-Martinez. This suggests that the police did not use Budan-Martinez as an agent to elicit incriminating statements from the defendant. *See Arizona v. Mauro*, 481 U.S. 520, 527-28 (1987) (holding that the defendant was not improperly coerced or interrogated by a government actor when the defendant's wife was allowed to speak with the defendant in the interrogation room in the presence of an officer).

The record lacks any indication that any pre-existing agreement or *quid pro quo* relationship existed. Therefore, Budan-Martinez was not acting on behalf of the government when he spoke to defendant.

## CONCLUSION

For the reasons provided, defendant's Motion to Suppress Statements [36] is denied.

IT IS SO ORDERED.

Dated this   17   day of June, 2009.

    /s/ ANCER L. HAGGERTY
    ANCER L. HAGGERTY
    United States District Judge

PAGE 5 - ORDER